.Pearson, J.
 

 This was trover for 45 bushels of salt, a wagon and five horses, and a tent cloth, 5 pair of wagon gear, an%axe, bucket, one coat and log chain. The plaintiff and one Peppers were tenants in common of the salt, which they had in a wagon. The wagon was stopped at the store of the defendant, Baker, the hind gate taken off and several sacks of salt delivered to Baker. At this time the defendant, Hunt, who, as constable, held several executions against Peppers in favor of Baker, was in the act of seising and levying on the 45 bushels of salt. The plaintiff and Peppers attempted to prevent his doing so, by putting on the gate of the wagon and starting the .horses ; whereupon blunt caught hold of the horses and
 
 *292
 
 kept them from moving, and, after much altercation, the plaintiff and Peppers went off and left the salt, wagon, horses and every thing appertaining thereto. The defendants took out the salt and put it in Baker’s store house, and1 weighed off one half, as the share of Peppers, which Hunt afterwards sold under his executions. The wagon belonged to Baker, he having hired it to the plaintiff to make the trip to the salt works ; the horses belonged te persons in the neighborhood, who had hired them to the plaintiff. Baker kept his wagon, took the gear off the horses and turned them loose and they went to their respective owners. The tent cloth, gear, axe, bucket, coat,. &e., belonged to the plaintiff. These articles the defendants did not remove or use or claim in any way, They remained where the plaintiff had left them; he could, without opposition, have taken them away at any time. It was not alleged, that the plaintiff wished or offered to resume the use of the wagon and horses after the salt had been taken out.
 

 The Court charged “that the defendants had no right to take possession, at all, of the salt, in the way they had done, by virtue of a levy on Peppers’ interest and the •plaintiff had aright to sustain this action for such taking.” On the second point, the Court charged “that the plaintiff, having a general right to and possession of the tent cloth and gear and other articles and a special right to and possession of the wagon and horses, had a right to recover, in this action, the actual damages which he had suffered by the interference of the defendants.”
 

 To this the defendants except. There was judgment for the plaintiff and an appeal.
 

 We think, there is error in the charge upon both of the questions made. The interest of a partner in partnership effects may be sold under
 
 a.fi. fa.
 
 for his individual) debt.
 
 Treadwell
 
 v.
 
 Rascoe,
 
 3 Dev. 50. The sheriff must <&f necessity seise, and take into his possession, the effects.
 
 *293
 
 levied on, in order to make the sale, and the other partner cannot maintain an action of any kind either against the officer, who levies and sells, or against the purchaser who takes possession. Indeed, it is held, that a partner cannot maintain an action of any kind against one, who purchases copartnership effects from a copartner, though such sale was made in fraud of the rights of the partnership and to satisfy the individual debts of such copartner.
 
 Wells
 
 v.
 
 Mitchell,
 
 1 Ire. 484. Such being the law, in the case of partners, between whom the relation is more intimate, a
 
 fortiori,
 
 it is so in reference to mere tenants in common. The legal interest of a defendant in undivided chattels may be seised and sold under execution,
 
 Islay
 
 v.
 
 Stewart,
 
 4 Dev. & Bat. 160, and the Court treat the question as too plain to call for authority. We know of “no principle which forbids a seisure and sale of a defendant’s legal interest in undivided chattels ” The officer must, of necessity, take possession of the whole, as it is undivided, and sell the right of the defendant in his execution, in the whole, and the purchaser becomes a tenant in common with the other part owner, and they must arrange the matter between themselves, as neither can maintain trespass, detinue or trover, unless the property is destroyed, (or as some say) sold.
 

 Upon the second point, the construction ought to have been, that the evidence, if true, did not prove a conversion, either as to the tent cloth, gear and other articles, or of the wagon and horses. The defendant Hunt seised the horses, as a means necessary to enable him to complete his levy upon the salt After he had seised the salt, the plaintiff might, without opposition, have taken the tent cloth, and every thing to which he was entitled, if he had chosen to do so.
 

 An officer may justify an entry upon the land of a third person, if necessary to enable him to levy on the property of the defendant in the execution. So it would seem, if
 
 *294
 
 this action had been trespass for seizing the horses, the officer might have justified the act, as necessary to enable him to make the levy.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.